Doyle, J.
It is insisted, in support of the judgment of the court of common pleas, first, that the trustees could not, under any circumstances, become the owners of the note sued upon, and second, if they could, the only way such ownership can be proved, is by the records of the township.
1. We are referred to the act of March 14, 1853 (S. & C. 1565), as amended April 13, 1865 (S. & S. 910), which, it is claimed, conferred upon the township, the only power it had to sue and be sued, as well as to accept the devise in question, and which, it is also insisted, by expressly authorizing such township to receive real estate in payment of, or security for debts due it, withheld from it the power to receive anything but real estate security.
The statute referred to, whether that construction is correct or not, has no application to the case at bar. The devise in the *156 will of Beilis, was not to the township, nor to any of the uses named in said act. It was a devise to the trustees for the exclusive use of the poor of the township, creating a charitable trust to be administered by said trustees. The statute authorizing said devise, if it needed the authority of statute, has been in force in substantially the same form, since 1789. See S. & C. 926, § lé; R. S. § 20; Urm,ey'’s Executors v. Wooden, 1 Ohio St. 165. The testator had the power to devise the property to the poor of the township, in which case the statute provided the trustees, or to make such devise to trustees for the benefit of such poor. In either case granting such discretion and power, in the management of the trust, to whoever the trustees might be, as he saw fit.
By the will of Beilis, the trustees are given full power to manage the trust fund, “as they think best for the ben fit of said poor.” They may invest it upon real estate security, or in notes or bonds without such security, being resposible for good faith and prudent management.
2. Having the power to purchase the note and maintain an action upon it, the rules of evidence, under the issue presented, are the same as in other cases on a like cause of action. The proof was that the trustees bought the note, which was in their possession regularly indorsed by the payee, and that it belonged to, the trust fund. The payee was a ]3arty to the action and admitted the title of the plaintiffs therein. It was not essential to their right to recover that there should be a record, in the township books, of the transaction. It would be a prudent course for the trustees, and indeed their duty, to keep accurate accounts of all their dealings with this fund, but their failure to enter the same in the township records does not furnish the defense sought to be made here, even a technical support.

Judgment affirmed.